IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KEITH FARNHAM, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-07-CV-240-PRM |
| | § | |
| ELECTROLUX HOME CARE | § | |
| PRODUCTS, LTD., | § | |
|     Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On this day, the Court considered Defendant Electrolux Home Care Product Ltd.'s ("Electrolux") "Motion for Summary Judgment," filed on September 5, 2007, Plaintiff Keith Farnham's ("Farnham") "Response to Defendant's Motion for Summary Judgment," filed on September 17, 2007, and Electrolux's "Reply in Support of Motion for Summary Judgment," filed on November 29, 2007, in the above-captioned cause.[1] After due consideration, the Court is of the opinion that Electrolux's Motion should be granted for the reasons set forth below.

I.     **FACTUAL & PROCEDURAL BACKGROUND**

    A.     **Factual Background**

This case arises out of an employment dispute. From August 2001, until September 2004, Farnham worked for Electrolux Home Care Products as a manager in the molding department of its operations in El Paso, Texas. Farnham Aff. ¶ 2.[2]

In 2004, Farnham learned Electrolux planned to sell its molding operations to International

---

[1] The Court notes that Electrolux's reply is untimely. Electrolux filed its Reply on November 29, 2007, nearly two-months after the October 1, 2007, deadline to submit a reply. Farnham has not filed a motion to strike. Thus, the Court will consider the Reply as though it had been timely filed.

[2] Farnham attached his affidavit to his Response. The affidavit is not labeled as an exhibit or an appendix. The Court will refer to the document by its title.

Manufacturing Solutions, Inc. ("I.M.S."), and that after the sale, I.M.S. would become Electrolux's exclusive parts producer and supplier. Farnham Aff. ¶¶ 3-4. According to Michaela Laible ("Laible"), Vice President of Human Resources for Electrolux, the sale forced Electrolux to permanently lay off employees in its molding department, including Farnham. Laible Aff. ¶ 2.[3] Farnham claims that, in discussing the sale, his supervisors at Electrolux, Kenny Cruise ("Cruise") and Ken Margherio ("Margherio"), described I.M.S.'s president, David Coburn ("Coburn"), as a "successful entrepreneur" who owned "several other manufacturing companies." Farnham Aff. ¶ 6. Farnham alleges Cruise and Margherio represented his employment would be "uninterrupted" if he, Farnham, agreed to accept a managerial position with I.M.S. Farnham Aff. ¶ 9.

In September 2004, Electrolux sold its molding operations to I.M.S. and laid off its employees in the molding department, including Farnham. Laible Aff. ¶ 2. Farnham had the option to select one of two severance packages. Laible Aff. ¶ 3. The first package, the Basic Severance Benefit, provided four weeks of continued salary and benefit coverage. Laible Aff. ¶ 3. The second package, the Enhanced Severance Benefit, provided sixteen weeks of continued salary and benefit coverage. Enhanced Severance Benefit Agreement and Release ("Release"), 1. In order to receive the Enhanced Severance Benefit, Farnham agreed to forego any claims under federal, state or local law that he may have had against Electrolux. Release, 3.

Farnham elected the Enhanced Severance Benefit package. Release, 1. On September 15, 2004, Electrolux provided Farnham with a copy of the "Enhanced Severance Benefit Agreement and Release." Release, 1. The Release contained the following provision:

---

[3]Electrolux attaches the following documents to its Motion: Laible's affidavit, dated September 5, 2007, and the Enhanced Severance Benefit Agreement and Release signed by Farnham on September 15, 2005. These documents are not otherwise labeled. The Court will refer to each document by its title.

> "Your election to receive the Enhanced Severance Benefit requires that you waive potentially valuable legal rights described in this Agreement and Release. Please carefully read this Agreement and Release. You are encouraged to consult with your personal attorney before you decide to accept or reject this offer. Take this Agreement and Release to your attorney should you choose to consult him/her.
>
> Do not sign this Agreement and Release until you have thought about it carefully. You have forty-five (45) days from the date you receive this Agreement and Release to think about this offer. You may accept this offer and sign this Agreement and Release at any time during the forty-five (45) day period. Should you change your mind after signing this Agreement and Release, you have seven days from the date you sign it to revoke your acceptance."

In addition, directly above the signature line, the Release provided:

> "I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I WILL BE WAIVING MY RIGHTS UNDER FEDERAL, STATE, AND LOCAL LAW TO BRING ANY CLAIMS THAT I HAVE OR MIGHT HAVE AGAINST THE RELEASED PARTIES."

(Emphasis in original). That same day, without consulting an attorney, Farnham signed the Release. Farnham Aff. ¶¶ 11-12. Farnham does not assert that he revoked his acceptance or that Electrolux failed to confer the benefits promised.[4]

Shortly thereafter, Farnham began working as a manager at I.M.S. Farnham Aff. ¶ 13. During the course of his employment, Farnham learned I.M.S. and other companies managed by Coburn had severe financial problems. Farnham Aff. ¶ 15. He states that he was constructively

---

[4] Farnham makes no allegation with respect to his receipt of the benefits conferred by Enhanced Severance Benefit package. Electrolux submits no evidence that it did, in fact, provide these benefits. If Farnham accepted the Enhanced Severance Benefit, despite full knowledge of all the circumstances of which he now complains, he would have ratified the Release, and bound himself to its terms, even if he executed the Release based on fraud. *See, e.g., K.B. v. N.B.*, 811 S.W.2d 634, 638 (Tex. App.– San Antonio [4th Dist.] 1991) (holding that accepting and retaining benefits provided by a voidable contract constitutes ratification); *Pack v. City of Fort Worth*, 552 S.W.2d 895, 898 (Tex. App.– Fort Worth [2d Dist.] 1977) (finding an employee ratified a release agreement, though he argued mistake as an affirmative defense, when he accepted the benefits promised in the agreement).

discharged as an I.M.S. employee in February 2005, after refusing "to conceal or destroy financial information and . . . falsify reports," as Coburn requested. Farnham Aff. ¶ 14.

### B.     Procedural Background

In October 2005, Farnham filed the instant action against Electrolux in Country Court at Law Number Five of El Paso County, Texas. Def.'s Notice of Removal 1. Farnham alleged Electrolux, through its representatives, Cruise and Margherio, negligently misrepresented Coburn's business acumen.[5] Def.'s Not. of Removal 21 (*citing* Plaintiff's Original Petition 7). Electrolux timely removed the case to federal court. Def.'s Not. of Removal 1. Electrolux now moves for summary judgment, asserting Farnham released any and all claims against it when he executed the Release. Def.'s Mot. Summ. J. 1.

## II.    LEGAL STANDARD

### A.     Summary Judgment

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). To prevail, the moving party must demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is

---

[5]Farnham originally raised one claim against Electrolux - negligent misrepresentation. After Electrolux filed the motion presently under consideration, Farnham sought, and was granted, leave to amend his complaint to include three additional claims: constructive discharge, wrongful discharge and fraud. *See* Docket No. 17 ("Plaintiff's First Amended Complaint"). According to Farnham, the amended complaint "does not change or set forth any new facts or allege any claims that were not set forth in the facts in Plaintiff's Original Petition, nor does it add new parties." Pl.'s Mot. Leave to File Amend. Compl. ¶ 5. Because Electrolux argues that Farnham has released any and all claims filed against it, Def.'s Mot. Summ. J. 1, the Court's analysis applies similarly to all four of Farnham's claims for relief.

"material" if its resolution in favor of one party might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute regarding a material fact is "genuine" if the evidence indicates that a reasonable factfinder could find in favor of the non-moving party. *Id.*

To defeat summary judgment, the non-movant must come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). In other words, "the non-movant must adduce evidence which creates a material fact issue concerning each of the essential elements of its case for which it will bear the burden of proof at trial." *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993). The non-movant "is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). In reviewing a motion for summary judgment, a court construes all the evidence in the light most favorable to the non-moving party and makes all inferences in its favor. *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001).

**B.    Waiver or Release of Employment Claims**

Summary judgment is proper when an employee files a lawsuit against an employer after validly waiving or releasing the claims raised in the suit. *Smith v. Amedisys, Inc.*, 298 F.3d 434 (5th Cir. 2002). The validity of a release of state law claims is governed by state law. *Id.* at 444 (applying Louisiana law to determine the validity of a release of claims arising under state law). As both parties rely in their pleadings on Texas law, the Court will assume there is no dispute that Texas law governs whether the Release is valid.

Farnham admits he signed the Release and does not dispute that such Release encompasses his claims for relief. Farnham Aff. ¶ 11. Rather, he argues the Release is unenforceable because

5

Electrolux fraudulently induced him into executing it.[6] Pl.'s Resp. 4-5. Accordingly, the Court will examine whether there is a genuine issue of material fact as to whether Farnham was fraudulently induced into executing the Release.

## III. LEGAL ANALYSIS

### A. The Release Does Not Bar Farnham's Fraudulent Inducement Claim

Electrolux contends Farnham is precluded from raising fraudulent inducement as an affirmative defense to the application of the Release because it includes a clause disclaiming reliance on any representations. Def.'s Mot. Summ. J. 7. A clause in the Release provides, "I acknowledge that I have not relied on any representations, promises, or agreements of any kind made to me in connection with my decision to sign this Agreement, except for those set forth in this Agreement and the Severance Policy." Release, 4.

A disclaimer clause contained in a release can preclude a claim that the release was fraudulently induced. *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997) ("A release that clearly expresses the parties' intent to waive fraudulent inducement claims, or one that disclaims reliance on representations about specific matters in dispute, can preclude a claim of fraudulent inducement."). Reliance is an element of fraud and so a disclaimer of reliance precludes a party from raising fraud as an affirmative defense to the application of a release agreement. *Id.*

---

[6]Farnham also attempts to avoid the Release on the grounds that he signed the Release on the same day he received it, without consulting an attorney. Pl.'s Resp. 6-7. The Fifth Circuit has found that such conduct does not establish that a release was unknowingly or involuntarily executed. *See e.g., Chen v. Applied Materials, Inc.*, 87 Fed. Appx. 995, 997 (5th Cir. 2004) (finding no duress where the plaintiff had forty-five days to review a release agreement, and was advised to consult an attorney); *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 937 (5th Cir. 1994) (holding that failing to seek counsel before executing a release does not indicate unknowing or involuntary execution). Therefore, the Court finds this claim is without merit.

Whether a disclaimer of reliance is binding depends upon the language of the release and the circumstances surrounding its formation. *Id.* at 179-80. In giving effect to the reliance disclaimer at issue in *Swanson*, the Texas Supreme Court relied heavily on evidence which showed the parties were experienced businessmen who were represented by counsel and negotiated at arms-length for thirteen-months. *Id.*

The instant case is readily distinguishable from *Swanson*. There is insufficient evidence to conclude Farnham and Electrolux expressly bargained to disclaim reliance on any representations made prior to Farnham's execution. Unlike *Swanson*, there is no evidence that Farnham and Electrolux dealt at "arm's length" as part of on-going negotiations, or that either party was represented by "highly competent and able legal counsel." Moreover, Farnham has not been shown to be a "knowledgeable and sophisticated business player." Finally, the Release did not resolve any existing disagreement between the parties. The clause is a "standard boiler-plate provision" that does not "clearly and unequivocally disclaim reliance on the specific representations that form the basis" for Farnham's fraud claims. *See Nutrasep, LLC v. TOPC Tex. L.L.C.*, No A-05-CA-523, 2006 WL 3063432, at *8 (W.D. Tex. Oct. 27, 2006) (applying *Swanson* in holding that the defendant's counterclaims alleging fraud were not barred by a disclaimer clause located in a contract between the parties). Finding no evidence that the parties expressed a clear intent to waive fraudulent inducement claims, the Court concludes that the Release does not bar Farnham's fraud claim.

B.  **Farnham Fails to Show a Material Fact Issue as to the Elements of Fraud**

A release, like any other contract, may be avoided based on fraud. *Swanson*, 959 S.W.2d at 178. To defeat summary judgment, Farnham "has the burden of establishing the essential elements

of [his] fraud claim." *Gonzales v. Fid. Distribs. Corp.*, No. 3:00-CV-1197, 2003 WL 21266707, at *3 (N.D. Tex. May 30, 2003) (applying Texas law). Farnham prevails if he presents evidence sufficient to raise a fact question as to whether (1) Electrolux made material representations; (2) the representations were false; (3) Electrolux knew the representations were false, or recklessly disregarded proof of their falsity; (4) Electrolux intended Farnham to rely on the representations; (5) Farnham, in fact, relied on the representations; and (6) such reliance caused him injury. *See Formosa Plastics Corp. USA v. Presidio Eng's & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (setting forth the elements of fraud).

Farnham claims Cruise and Margherio made two false representations: (1) that Coburn was a "successful entrepreneur," and (2) that working at I.M.S. would be an "excellent opportunity." Farnham Aff. ¶ 5-6. However, he fails to produce evidence to establish the elements of fraud with respect to these statements. Even assuming Electrolux made false representations upon which Farnham relied,[7] Farnham fails to produce any evidence (1) that the statements were material, (2) that he suffered injury, (3) that Electrolux intended Farnham to rely on the statements, or (4) that Electrolux knew the representations were false or recklessly disregarded proof of their falsity.

    1.    *Farnham Fails to Show the Representations Were Material.*

---

[7]The Court will assume that the alleged representations are statements of fact. Electrolux makes no argument to the contrary. In addition, the statements were made by Farnham's supervisors, who knew or should have known that Farnham would rely on their positions. *See, e.g., Transport Inc. Co. v. Faircloth*, 898 S.W.2d 276-77 (Tex. 1995) (explaining that a court may consider a statement of opinion as an actionable statement of fact if it is made by one who should know another party is justifiably relying on the speaker's superior knowledge). Thus, construing the evidence in Farnham's favor, the Court concludes the statements were false representations upon which Farnham relied.

Representations are material if a plaintiff would not have entered into the transaction but for the representations. *Essex Ins. Co. v. Redtail Prods.*, 1999 WL 627379, at *6 (N.D. Tex. Aug. 17, 1999).

In his affidavit, Farnham states that had he known or been aware that Electrolux's representations were false, he "would have taken more time to carefully consider the Release and retain an attorney." Farnham Aff. ¶ 16. Farnham fails to present any evidence that he would have declined to sign the Release had Electrolux not made the alleged representations. He only claims he would have sought the advice of counsel. The Court finds Farnham fails to establish that the representations were material.

### 2. *Farnham Has Not Identified an Injury.*

Farnham does not establish an injury proximately caused by his reliance on the challenged representations. Assuming Farnham's injury is the loss of his employment at I.M.S., it does not satisfy the proximate cause requirement because there is no evidence that Electrolux was in any way involved with his loss of employment. Farnham has made no specific allegations with respect to any other possible injury. Therefore, the Court finds no evidence that Farnham's injury was proximately caused by Electrolux's conduct. *See, e.g., Lee & Lee Int'l, Inc. v. Lee*, 261 F.Supp.2d 665, 678 (N.D. Tex. 2003) (finding the plaintiff failed to show an injury from lost profits where it presented no evidence that it would have obtained profitable accounts but for the defendant's fraudulent conduct); *Schultz v. Vaught*, No. 12-03-00204, 2004 WL 1753384, at *3 (Tex. App.– Tyler [12th Dist.] 2004) (affirming summary judgment for the defendant where the plaintiff failed to show he incurred expenses or lost money based on the alleged representations). Therefore, the Court finds Farnham fails to establish the injury element of fraud.

     *3.*    *There is Insufficient Evidence Electrolux Intended to Induce Reliance.*

The intent element focuses on whether Electrolux intended for Farnham to rely on the statements made with respect to I.M.S. and Coburn. *Columbia/HCA Healthcare Corp.*, 72 S.W.3d 735, 745 (Tex. App.- Waco [10th Dist.] 2002).

Electrolux submits the Release as evidence that Electrolux intended Farnham to rely only upon the promise of enhanced benefits in exchange for executing the Release. The Release promised severance benefits. Release, 2. It contained no promise of continued employment, and did not address the business acumen of Coburn or the ultimate success of I.M.S.

Farnham produces no evidence to rebut the express terms of the Release. There is no evidence as to what Cruise and Margherio intended to convey by making statements concerning I.M.S. and Coburn. Farnham does not substantiate claims that the statements constituted a promise of continued employment or any other benefit, or that the statements vitiated, modified, or otherwise altered the terms of the Release. There is no evidence Farnham was promised anything more than what the terms of the Release provided. Though Farnham appears to imply Electrolux and I.M.S. engaged in a corporate conspiracy, these allegations are unsubstantiated and, moreover, are unrelated to the communications between Electrolux and Farnham and, thus, fail to establish any fraud in connection with Electrolux's representations to Farnham.

     *4.*    *There is No Evidence that Electrolux Knew the Representations were False or Recklessly Disregarded Proof of Their Falsity.*

Farnham submits no evidence that Electrolux knew or recklessly disregarded the truth when Cruise and Margherio made the representations about I.M.S. or Coburn. Furthermore, he does not produce any evidence that Electrolux knew or should have known of any information indicating that Coburn was not a successful entrepreneur and/or that working at I.M.S. would be anything other

than an excellent opportunity. Therefore, the Court finds Farnham fails to satisfy his evidentiary burden to establish the essential elements of fraud, and Electrolux is entitled to summary judgment.

## IV.     CONCLUSION

In conclusion, the Court finds no disputed issue of material fact regarding Farnham's claims. Farnham signed a valid Release, the terms of which bar his asserted claims against Electrolux, and he does not come forward with specific, material facts to show there is a genuine issue for trial. Therefore, the Court is of the opinion that Electrolux's Motion for Summary Judgment should be granted, and the case dismissed with prejudice.

Accordingly, **IT IS ORDERED** that Defendant Electrolux's "Motion for Summary Judgment" (Docket No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned cause is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the clerk shall **CLOSE** this case.

SIGNED this 21st day of **December, 2007.**

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE